IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| DANNY MOORE and TRACY MOORE, )<br>)<br>        Plaintiffs,      )<br>)<br>v.                                          )<br>)<br>INDUSTRIAL MAINTENANCE    )<br>SERVICE OF TENNESSEE, INC.;   )<br>DESIGN-FAB, INC.; and GENERAL  )<br>ELECTRIC CONSTRUCTION      )<br>COMPANY,                     )<br>)<br>        Defendants.       )  | No. 11-2938-STA-tmp |

_____

**ORDER DENYING WASTE MANAGEMENT OF MISSISSIPPI, INC.'S MOTION TO INTERVENE**
_____

Before the Court is Waste Management of Mississippi, Inc.' d/b/a Waste Management of Mississippi - Corinth's ("Waste Management") Motion to Intervene (D.E. # 8), filed on November 21, 2011. Neither Plaintiffs nor Defendants have responded to Waste Management's Motion. For the following reasons, Waste Management's Motion to Intervene is **DENIED** without prejudice.

**BACKGROUND**

Plaintiffs filed their Complaint alleging negligence, res ipsa loquitur, and damages on October 25, 2011. (D.E. # 1.) Almost one month later, Waste Management filed the Motion to Intervene now before the Court. (D.E. # 8.) Since the filing of Waste Management's Motion on

1

November 21, 2011, Defendants have filed an Answer (D.E. # 12) and discovery has commenced.  (*See* D.E. # 16.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24 ("Rule 24") provides for two methods of intervention as of right.  First, Rule 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a *federal statute*."[1]  Second, Rule 24(a)(2) provides that

> [o]n timely motion, the Court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit has interpreted this rule to require a proposed intervenor to establish four elements:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.[2]

The proposed intervenor must prove each of the four elements; failure to meet one of them will require the court to deny the motion to intervene.[3]

## ANALYSIS

---

[1]  Fed. R. Civ. P. 24(a)(1) (emphasis added).

[2]  *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

[3]  *Id.*

In its Motion to Intervene, Waste Management cites to Tenn. Code Ann. § 50-6-112(c), which provides in pertinent part the following:

> In the event of a recovery against the third person by the worker, or by those to whom the worker's right of action survives, by judgment, settlement, or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.[4]

Waste Management further avers that it employed Plaintiff Danny Moore and that it wishes "to intervene in this action to establish and preserve its subrogation lien against any recovery by Danny Moore."[5]  It also argues that its intervention will not delay the action and will not raise "any jurisdictional or venue questions."[6]

The Court finds that Waste Management has failed to satisfy the requirements of either Rule 24(a)(1) or Rule 24(a)(2).  Waste Management does not specify under which portion of Rule 24 it seeks to intervene.  Nor does Waste Management cite to a *federal* statute granting it an unconditional right to intervene.  While the Tennessee Code Annotated section cited by Waste Management appears to grant it a right to intervene "in any action" to enforce its subrogation lien, the Tennessee Code Annotated is not a federal statute as required by Rule 24(a)(1). Furthermore, Waste Management does not identify any of the elements of intervention as of right under Rule 24(a)(2), and the scarce facts and argument in its Motion do not begin to address those elements.

---

[4]     Tenn. Code Ann. § 50-6-122(c)(1).

[5]     (Mot. to Intervene, D.E. # 8, at 1.)

[6]     (*Id.*)

Therefore, the Court finds that Waste Management has not met its burden to merit intervention in this case. Thus, its Motion to Intervene is **DENIED** without prejudice.

## CONCLUSION

For the reasons set forth above, Waste Management's Motion to Intervene is **DENIED** without prejudice.

**IT IS SO ORDERED.**

                                                      **s/ S. Thomas Anderson**
                                                      S. THOMAS ANDERSON
                                                      UNITED STATES DISTRICT JUDGE

                                                      Date: January 20, 2012.