IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| DANNY MOORE and TRACY MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 11-2938-STA-tmp |
| ) | |
| INDUSTRIAL MAINTENANCE ) | |
| SERVICE OF TENNESSEE, INC.; ) | |
| DESIGN-FAB, INC.; and GENERAL ) | |
| ELECTRIC COMPANY, ) | |
| ) | |
| Defendants. ) | |

_____

ORDER GRANTING WASTE MANAGEMENT OF MISSISSIPPI, INC.'S AMENDED
MOTION TO INTERVENE
_____

Before the Court is Waste Management of Mississippi, Inc.' d/b/a Waste Management of Mississippi - Corinth's ("Waste Management") Amended Motion to Intervene (D.E. # 24), filed on January 26, 2012. Neither Plaintiffs nor Defendants have responded to Waste Management's Motion. For the following reasons, Waste Management's Motion to Intervene is **GRANTED**.

BACKGROUND

Plaintiffs filed their Complaint alleging negligence, res ipsa loquitur, and damages on October 25, 2011. (D.E. # 1.) Almost one month later, Waste Management filed its first Motion to Intervene. (D.E. # 8.) The Court denied Waste Management's Motion without prejudice on January 20, 2012, for failing to satisfy the requirements of Federal Rule of Civil Procedure 24 ("Rule 24"). (D.E. # 18.) Waste Management then filed an Amended Motion to Intervene on

January 26, 2012.  (D.E. # 24.)  Since that filing, Defendant General Electric Company has filed a motion to dismiss for improper venue (D.E. # 27) and discovery has begun.

## STANDARD OF REVIEW

Rule 24 provides for two methods of intervention as of right.  First, Rule 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute."[1]  Second, Rule 24(a)(2) provides that

> [o]n timely motion, the Court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit has interpreted this rule to require a proposed intervenor to establish four elements:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.[2]

The proposed intervenor must prove each of the four elements; failure to meet one of them will require the court to deny the motion to intervene.[3]

## ANALYSIS

---

[1] Fed. R. Civ. P. 24(a)(1).

[2] *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

[3] *Id.*

In its Amended Motion to Intervene, Waste Management moves to intervene under Rule 24(a)(2).[4] Waste Management addresses each of the four Rule 24(a)(2) factors. First, it argues that its intervention request is timely, as it filed its original Motion to Intervene less than one month after Plaintiffs filed their Complaint.[5] Second, Waste Management avers that it has a substantial legal interest in the case.[6] Waste Management cites to Tenn. Code Ann. § 50-6-112(c), which provides in pertinent part the following:

> In the event of a recovery against the third person by the worker, or by those to whom the worker's right of action survives, by judgment, settlement, or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.[7]

It then avers that it has paid over $50,000 in worker's compensation benefits to Plaintiff Danny Moore as a result of his on-the-job injury, and that it has a right to recover those payments under section 50-6-112(c).[8] Finally, Waste Management argues that it is not adequately represented by the parties before the Court, and that denial of the Motion to Intervene would impair its ability to protect its interest.[9]

The Court finds that Waste Management has satisfied the requirements of Rule 24(a)(2). Its first Motion to Intervene was promptly and timely filed, and its Amended Motion to Intervene

---

[4] (Am. Mot. to Intervene, D.E. # 25, at 3.)

[5] (*Id.*)

[6] (*Id.* at 3-4.)

[7] Tenn. Code Ann. § 50-6-122(c)(1).

[8] (Am. Mot. to Intervene, D.E. # 25, at 3-4.)

[9] (*Id.* at 4.)

was filed soon after the Court denied its first Motion.  Furthermore, section 50-6-112(c) gives Waste Management a substantial legal interest in the case: Waste Management has a subrogration lien against Plaintiff Danny Moore's recovery.  Additionally, as neither Plaintiffs nor Defendants have argued otherwise, the Court accepts Waste Management's assertion that it would not be adequately represented by the parties before the Court.  Finally, the Court finds that denying Waste Management's Amended Motion to Intervene would impair its ability to protect its subrogation lien.  Therefore, Waste Management has met the requirements of Rule 24(a)(2), and its Amended Motion to Intervene is **GRANTED**.

## CONCLUSION

For the reasons set forth above, Waste Management's Amended Motion to Intervene is **GRANTED**.

    **IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 2, 2012.