IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| DANNY MOORE and TRACY MOORE, )<br>)<br>Plaintiffs,    )<br>)<br>v.                             )<br>)<br>INDUSTRIAL MAINTENANCE      )<br>SERVICE OF TENNESSEE, INC.; )<br>DESIGN-FAB, INC.; and GENERAL )<br>ELECTRIC COMPANY,           )<br>)<br>Defendants.   ) | No. 11-2938-STA-tmp |

_____

ORDER GRANTING DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION
TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER
TO THE EASTERN DIVISION
_____

Before the Court is Defendant General Electric Company's ("GE") Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to the Eastern Division (D.E. # 27), filed on January 30, 2012. Plaintiffs filed a Response (D.E. # 37) on February 26, 2012. GE filed a Reply (D.E. # 38) on February 29, 2012. None of the other defendants have opposed GE's Motion. For the following reasons, GE's Motion is **GRANTED**, and this case is hereby **TRANSFERRED** to the Eastern Division of the Western District.

BACKGROUND

Plaintiffs filed their Complaint alleging negligence, res ipsa loquitur, and damages on October 25, 2011. (D.E. # 1.) After Defendant Waste Management of Mississippi, Inc. ("Waste Management") filed its Amended Motion to Intervene, GE filed the Motion currently before the

1

Court. (D.E. # 27.) Since that filing, the parties have engaged in discovery, and the Court granted Waste Management's Amended Motion.

In its Motion, GE argues that venue is improper in the Western Division because all of the events giving rise to Plaintiffs' claims occurred in McNairy County, which is in the Eastern Division of the Western District. (GE's Mot., D.E. # 27-1, at 3.) GE also points out that although all corporate defendants are residents of the Western District for personal jurisdiction purposes, for purposes of venue, Plaintiffs have not pled facts sufficient to show that they are subject to personal jurisdiction in the Western Division. (*Id.* at 4.) Thus, GE argues that the only proper venue for this case is the Eastern Division of the Western District. (*Id.*) Alternatively, GE avers that even if venue is proper in the Western Division, the Court should still transfer the case to the Eastern Division "in the interest of justice." (*Id.* at 5, 8-9.) GE submits that Plaintiffs' choice of the Western Division as the venue for this lawsuit is entitled to little or no deference and that the Eastern Division will be more convenient for the parties and witnesses. (*Id.* at 5-8.)

In response, Plaintiffs argue that GE waived any objection to venue in federal court. (Pls.' Resp., D.E. # 37, at 2.) Plaintiffs confuse the Western Division and the Western District and contend that because venue is proper in the Western District, it is also proper in the Western Division. (*Id.* at 2-3.) Alternatively, Plaintiffs urge the Court to transfer the case to the Eastern Division in lieu of dismissing it. (*Id.* at 3.) In reply, GE notes that it does not dispute that venue is proper in the Western District; it also points out that Plaintiffs rely on pre-1948 cases regarding waiver of venue defenses, which were abrogated by the first enactment of 28 U.S.C. § 1391. (GE's Reply, D.E. # 38, at 1.) GE again argues that none of the defendants "reside" in the

Western Division as defined in the Local Rules; therefore, GE avers that the Court must transfer the case to the Eastern Division. (*Id.* at 2-3.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)"), a defendant may move to dismiss the plaintiff's complaint "for improper venue."[1] On a Rule 12(b)(3) motion to dismiss, "the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff."[2] If the court finds that venue is improper, the case may be dismissed or transferred to the district in which it could have been brought.[3]

Local Rule 3.3 ("L.R. 3.3") governs the commencement of cases in this District's different Divisions. The only counties in the Western Division are Fayette, Lauderdale, Shelby, and Tipton Counties.[4] The remaining counties in the Western District form the Eastern Division, including Carroll and McNairy Counties.[5] A case against multiple defendants "may be brought in any division of the District in which one of the defendants resides, or in the division in which the claim arose or the event complained of occurred."[6] For purposes of this rule, "a corporation

---

[1] Fed. R. Civ. P. 12(b)(3).

[2] *Gone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 536-37 (W.D. Tenn. 2006) (quoting *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)).

[3] 28 U.S.C. § 1406(a).

[4] L.R. 3.3(a); *see also* 28 U.S.C. § 123(c)(2).

[5] L.R. 3.3(a); *see also* 28 U.S.C. § 123(c)(1).

[6] L.R. 3.3(b)(2).

shall be deemed to be a resident of the division in which it has its principal place of business in the District, if it has a place of business in the District."[7] L.R. 3.3 prohibits dismissing cases filed in the improper Division; instead, it mandates that courts "shall transfer the action to a proper division upon motion of a party."[8]

## ANALYSIS

The Court finds GE's arguments persuasive. According to the Complaint, the incident resulting in Plaintiffs' alleged damages occurred in Selmer, Tennessee, which is located in McNairy County in the Eastern Division.[9] Plaintiffs and Waste Management are citizens of Mississippi.[10] Both Defendants Design-Fab, Inc. and Industrial Maintenance Services of Tennessee, Inc. have their principal places of business in Cedar Grove, Tennessee, which is in Carroll County in the Eastern Division.[11] Although GE's principal place of business is in Connecticut,[12] for purposes of L.R. 3.3(b)(4), its principal place of business is at its sole place of business in the Western District: Selmer, Tennessee, which is in McNairy County in the Eastern Division.[13]

---

[7] L.R. 3.3(b)(4).

[8] L.R. 3.3(c).

[9] (Compl. ¶ 1.)

[10] (*Id.* ¶ 4.)

[11] (*Id.* ¶ 5-6.)

[12] (*Id.* ¶ 7.)

[13] (GE's Reply, D.E. # 38, at 2.)

Thus, Plaintiffs have not shown that venue is proper in the Western Division. While venue is undoubtedly proper in the Western District, GE's Motion to Dismiss is premised upon Plaintiffs' failure to file their lawsuit in the proper Division, not the proper District. The Court finds that neither prong of L.R. 3.3(b)(2) indicates that venue is proper in the Western Division. None of Defendants reside in the Western Division under the definition of "residency" at L.R. 3.3(b)(4), and the event complained of did not occur in the Western Division. Accordingly, venue is not proper in the Western Division. However, both prongs of L.R. 3.3(b)(2) are satisfied if this case were to be filed in the Eastern Division: all three defendants having places of business in Tennessee reside in the Eastern Division, and the claim arose in the Eastern Division. Accordingly, venue is proper in the Eastern Division. Therefore, GE's Motion is **GRANTED**, and this case is hereby **TRANSFERRED** to the Eastern Division pursuant to L.R. 3.3(c).

## CONCLUSION

For the reasons set forth above, GE's Motion is **GRANTED**. This case is hereby **TRANSFERRED** to the Eastern Division.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 30, 2012.